IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01478 |
| ) | Judge Aleta A. Trauger |
| CARE SERVICES MANAGEMENT LLC ) | |
| *et al.*, ) | |
| ) | |
| Defendants.[1] ) | |

# MEMORANDUM and ORDER

Before the court is the Motion for Leave to Amend Complaint ("Motion to Amend") (Doc. No. 392) filed by plaintiff State of Tennessee ("Tennessee"). The defendants oppose the motion (Doc. No. 394), and the State has filed a Reply in further support thereof (Doc. No. 398). For the reasons set forth herein, the motion will be granted.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading "once as a matter of course" within twenty-one days after serving it or twenty-one days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(A)–(B). Once that window is closed, Rule 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Generally, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] As the Magistrate Judge has repeatedly observed, several individual defendants who are named in prior versions of the Complaint are not specifically named in the relator's Supplemental Second Amended Complaint. (*Compare* Second Am. Compl. in Intervention. Doc. No. 214, *with* relator's Suppl. Second Am. Compl., Doc. No. 231.)

In addition, however, in every civil case, the district court must issue a scheduling order that includes a limit on the time for amending pleadings and filing motions. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment).

Thus, the consideration of a motion to amend filed after the deadline set in the governing scheduling order entails a two-step process under Rules 16(b) and 15(a). *Id.* Under Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Forsman v. Silverstein*, No. 2:22-CV-4415, 2025 WL 1141812, at *3 (S.D. Ohio Apr. 17, 2025) (citation omitted). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citation omitted).

"Only after the movant shows good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that leave shall be freely given when justice so requires." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. 2023) (internal quotation marks and citation omitted).

**II.     PROCEDURAL HISTORY**

This case was initiated in November 2017 with the relator's filing of a sealed Complaint asserting claims under the False Claims Act. (Doc. No. 1.) After numerous extensions of the deadline, Tennessee, along with the State of Louisiana (collectively with Tennessee, the "States"), elected to intervene in part in November 2020 (Doc. Nos. 40, 41), and the case was unsealed (Doc. No. 42). The States filed a joint Complaint in Intervention in March 2021. (Doc. No. 76.) They filed their First Amended Complaint in Intervention in November 2021. (Doc. No. 144.) The Initial

Case Management Order set October 8, 2022 ("four months prior to the fact discovery cutoff") as the original deadline for amending pleadings. (Doc. No. 160 at 4.) Trial was set for February 20, 2024. (Doc. No. 161.)

In early 2023, all scheduling deadlines were stayed pending the anticipated filing of a motion to amend by the States. (Doc. No. 199.) On March 1, 2023, having been granted leave, the States filed their Supplemental Complaint in Intervention, or, In the Alternative, Second Amended Complaint in Intervention. (Doc. No. 214.)

Thereafter, for virtually the entirety of 2023, the parties engaged in a contentious course of discovery, requiring the resolution of numerous motions to compel, motions for sanctions, and other discovery-related motions. In January 2024, the court granted the plaintiffs' joint motion to continue trial (Doc. No. 301), and an agreed Case Management Order was entered on January 22, 2024 that included a deadline of September 30, 2024 (four months prior to the January 30, 2025 discovery deadline) for amending pleadings (Doc. No. 303 at 1–2). The dispositive motion deadline was set for September 24, 2025. (*Id.* at 2.) Trial was reset for January 20, 2026. (Doc. No. 304.)

On November 15, 2024, the court entered the parties' Agreed Modified Case Management Order. (Doc. No. 372.) Most notably, this Order extended the fact discovery deadline to June 4, 2025 (*id.* at 1) and did not incorporate any deadline for amending pleadings. The dispositive motion deadline did not change, and the parties did not ask the court to reset the trial date.

Tennessee filed its Motion to Amend on May 30, 2025, seven months after the expiration of the September 30, 2024 amendment deadline set in the January 22, 2024 Case Management Order and just days before the expiration of the discovery deadline set by the November 15, 2024 Case Management Order. In support of its motion, Tennessee states that it seeks to "allege in an

amended complaint to conform the pleadings to the evidence that [defendant Marquis Mobile Dentistry Services, LLC ("MMDS")] and Defendant Mark Napper intentionally concealed Mr. Napper's control over MMDS," because "MMDS and Mark Napper feared that without their concealment of Mr. Napper's control, MMDS would not have been able to provide services to TennCare residents residing in long-term care facilities." (Doc. No. 392 at 5.)

Without referencing Rule 16, Tennessee states that the court should grant leave to amend under Rule 15(a)(2)'s liberal policy, because it has not unduly delayed; the defendants will not be prejudiced by the amendment; and the amendment would not be futile. (*Id.* at 6.) Tennessee asserts that both parties have "had struggles with the discovery of electronically stored information ('ESI')" but have now exchanged a substantial quantity of documents and, after reviewing documents, "immediately began diligently conducting depositions." (*Id.* at 7.) According to Tennessee, "[w]hen the discovery process led counsel for Tennessee to a new set of facts" supporting the State's Tennessee Medicaid False Claims Act ("TMFCA") claim, Tennessee "promptly sought to amend the Complaint and did so before the fact discovery deadline." (*Id.*) It further asserts that the proposed amendment will have no effect on the dispositive motion deadline or the trial date and that it does not anticipate the need for further discovery. It maintains that the defendants will not be prejudiced, as there is little likelihood of a need for additional discovery related to the amendment but ample time for such discovery if the defendants think it is necessary.

Tennessee also asserts that the proposed amendment is based entirely on new facts learned during depositions, that it does not seek to add a new claim, and that, instead, it simply seeks to "sharpen[] the allegations in [its] complaint." (*Id.* at 8 (quoting *United States v. Honeywell Int'l, Inc.*, 318 F.R.D. 202, 208 (D.D.C. 2016)).) Tennessee also seeks to delete the allegations relating to one theory of recovery set forth in the current pleading (the "original 'Scheme Two' allegations

relating to podiatrists and other non-dentists"). (*Id.*) Finally, it asserts that the proposed amendments relate back to the original filing and would not be time-barred. (*Id.* at 9.)

The defendants oppose the Motion to Amend on the grounds that the second and final deadline for amending pleadings expired on September 30, 2024; the motion was filed just shy of the close of discovery; and Tennessee has provided no justification for failing to adhere to a long-expired deadline. (Doc. No. 394 at 1–2.) They also contend that the documents quoted in support of the amendment "have been in the states' hands for many years," such that Tennessee "knew or should have known" of the ownership/control issue well before the filing of the Motion to Amend. (*Id.* at 2.) While devoting much of their Response to the merits (or lack thereof) of the claims against them, the defendants also argue in a conclusory manner that an amendment at this late stage would prejudice them because it "would require further discovery" and would "certainly elicit issues involving the relevant statutes of limitations." (*Id.* at 4.) They also assert that Tennessee has "ignored" the "good cause" requirement. (*Id.* at 4.)

Tennessee filed a Reply contesting the defendants' assertion that it was in possession of documents supporting the amendment even before it intervened. It reiterates that the documents on which it relies were produced in February 2025—which was the defendants' *first* production of any documents in this litigation made in a format that could be accessed and used by Tennessee—and that "the true depth of MMDS's intent to conceal its illegal ownership" came to light in an April 30, 2025 deposition. (Doc. No. 398 at 2.)

Tennessee also takes the position that the current and controlling Case Management Order (Doc. No. 372) is "silent as to the filing of motions to amend" (Doc. No. 398 at 3) and that, even if it were not, it has shown good cause for the extension of the deadline. In particular, it emphasizes that the defendants did not make their initial electronic document production until February 2025.

(Doc. No. 398 at 3.) It asserts that it could not have amended the pleading by September 30, 2024 to incorporate information it learned in discovery in 2025. (*See id.* at 3–4 ("The [timing] of Defendants['] production, therefore, made Tennessee's compliance with the original Motion to Amend deadline impossible. Tennessee has made every attempt to comply with the requirements of the Case Management Order but was inhibited by Defendants' delayed production.").)

**III.   DISCUSSION**

The obvious reason that the November 15, 2024 Case Management Order (Doc. No. 392) does not contain a deadline for amending pleadings is that, at the time the parties agreed to the revised schedule, the deadline for amendments had already expired and the parties did not anticipate further amendments or see the need to set a new deadline. In other words, the current Motion to Amend is governed by Rule 16(b)(4), and the court must decide whether there is "good cause" to modify the scheduling order before considering whether the amendment is permissible under Rule 15.

The court finds that Tennessee has shown good cause to extend the scheduling order. The new facts it seeks to allege did not come to light until discovery produced and depositions taken shortly before the filing of the Motion to Amend. The delays in producing accessible documents apparently arose from the parties' difficulties in dealing with ESI. It appears that Tennessee acted diligently in otherwise attempting to comply with the scheduling deadlines and that it could not have sought leave to allege the facts in the proposed amendment within the original deadline. In addition, the defendants will not be prejudiced by the proposed amendment. Tennessee seeks to remove one theory of recovery, and the new facts it seeks to allege simply provide further support for claims already made.

Having cleared that hurdle, Tennessee also satisfies Rule 15's liberal standard for amendments. Rule 15(a)(2) provides that a court "should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). Given this liberal standard, denial of a motion to amend is generally only appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (citation and internal quotation marks omitted).

Here, there is substantial delay, but it is not "undue." There is no suggestion in the record of bad faith or a dilatory motive on the part of Tennessee. The defendants cry "prejudice" but have failed to demonstrate in what way the amendment would prejudice them. (*See* Doc. No. 394 at 4.) As Tennessee points out, it is unlikely that the defendants will need additional discovery to address the new allegations, given their nature, but there is ample time for such discovery if they do. The defendants assert that the amendment "involv[es] the relevant statutes of limitations" (*id.*), but they do not suggest how or present any argument showing that the proposed amendment would be time-barred and therefore futile.

## IV. CONCLUSION AND ORDER

Accordingly, for the reasons set forth herein, the Motion to Amend (Doc. No. 392) is **GRANTED**. The State of Tennessee is **DIRECTED** to file the Third Amended Complaint in Intervention, with any desired attachments, as a stand-alone pleading by or before **Friday, June 20, 2025**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge